UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO


JOSE L. MIRANDA PAGAN,
Plaintiff,

vs.                                                         CIVIL NO. 98-1490 (DRD)

ADMINISTRACION DE CORRECION, et al.,
Defendants.


### ORDER

On May 5, 1998, Plaintiff, José Luis Miranda Pagán, filed this lawsuit alleging violations under 42 U.S.C. § 1983 for injuries received while an inmate at the Puerto Rico Administración de Corrección (Guerrero de Aguadilla). (Docket No. 2). The Prison Litigation Reform Act ("PLRA"), provides in pertinent part that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff was required to exhaust all administrative remedies available to him and he did not do so. See (Docket No. 2, p. 3). Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE by May 25, 2000** why this case should not be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). See Snider v. Melindez, 199 F.3d 108 (2d Cir. 1999) (District court has authority to dismiss prisoner's action, on its own motion, for failure to exhaust administrative remedies after notice and opportunity to be heard has been made.); Booth v. Churner, 206 F.3d 289 (3rd Cir. 2000); Brown v. Morgan, ___ F.3d ___, 2000 WL 354164, *1 (6th Cir. Apr. 7, 2000) ("This language [of section 1997e(a)] unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation."); Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 2000); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Rivera v. Garcia, ___ F.R.D. ___, 2000 WL 375253 (D. P.R. Mar. 15, 2000); Feliciano v. Servicios Correccionales, 79 F.Supp.2d 31 (D. P.R. 2000). No extensions of time shall be granted and will be summarily stricken. Failure to timely comply with the Court's order will result in dismissal of this case.
IT IS SO ORDERED.

Date: May 5, 2000                                           DANIEL R. DOMINGUEZ
P:\FINALORD ERS\98-1490 DIS                                 U.S. District Judge